## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHLEEN MARY KAPLAN,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBERS
DC-1221-15-1065-W-1
DC-1221-16-0503-W-1

DATE: October 3, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Kathleen Mary Kaplan, Arlington, Virginia, pro se.

Jeremiah Crowley, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed petitions for review of the initial decisions, which dismissed her individual right of action (IRA) appeals for lack of jurisdiction. For the reasons discussed below, we GRANT the petitions for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the cases to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant filed two IRA appeals—one on August 17, 2015, *Kaplan v. Department of the Air Force*, MSPB Docket No. DC-1221-15-1065-W-1, Initial Appeal File (1065 IAF), Tab 1, and one on April 14, 2016, *Kaplan v. Department of the Air Force*, MSPB Docket No. DC-1221-16-0503-W-1, Initial Appeal File (0503 IAF), Tab 1.  In these appeals, the appellant alleged that the agency subjected her to several personnel actions, including a reprimand, a suspension, a negative contribution evaluation, and depriving her of fellowship opportunities, in retaliation for disclosures concerning improper workplace relationships, misuse of Government funds, violation of hiring and appraisal rules, and physical threats against her.  1065 IAF, Tab 6 at 21-33; 0503 IAF, Tab 7 at 12-30.  The administrative judge joined the appeals for processing.[2]  1065 IAF, Tab 19 at 1.

¶3      The administrative judge found that the appellant exhausted her administrative remedies with the Office of Special Counsel (OSC) and that she made a nonfrivolous allegation that at least one of her disclosures was protected and was a contributing factor in at least one personnel action.  *Id.*  He therefore found that the appellant established jurisdiction over the joined appeals, and he scheduled a hearing on the merits.  1065 IAF, Tab 19 at 1, Tab 27.  The appeals then were reassigned to another administrative judge.  1065 IAF, Tab 43.

¶4      Prior to the scheduled hearing, the administrative judge issued two separate initial decisions dismissing the appeals of lack of jurisdiction. 1065 IAF, Tab 52, Initial Decision (1065 ID); 0503 IAF, Tab 52, Initial Decision (0503 ID).  In both cases, the administrative judge found that the appellant failed to make a

---

[2] Although the order states that the appeals were consolidated, we find that they were joined.  *See* 5 C.F.R. § 1201.36(a).

nonfrivolous allegation that any of her disclosures were protected. 1065 ID at 7-10; 0503 ID at 7-12.

¶5    The appellant has filed identical petitions for review in both appeals. *Kaplan v. Department of the Air Force*, MSPB Docket No. DC-1221-15-1065-W-1, Petition for Review (1065 PFR) File, Tab 1; *Kaplan v. Department of the Air Force*, MSPB Docket No. DC-1221-16-0503-W-1, Petition for Review (0503 PFR) File, Tab 1. She expresses confusion about whether the appeals remain joined, and she objects to the dismissals for lack of jurisdiction on the basis that the original administrative judge assigned to these appeals already found that she met her jurisdictional burden. 1065 PFR File, Tab 1 at 1-12. She also disputes the substance of the initial decisions. *Id.* at 12-33. The agency has filed responses to the petitions for review, 1065 PFR File, Tab 4; 0503 PFR File, Tab 4, and the appellant has filed replies to the agency's responses, 1065 PFR File, Tab 5; 0503 PFR File, Tab 5.[3]

---

[3] After the close of the record on review, the appellant filed motions to disqualify the administrative judge. 1065 PFR File, Tab 7; 0503 PFR File, Tab 7. We deny the appellant's motions as untimely. Under 5 C.F.R. § 1201.42(b), a party must file such a motion as soon as she has reason to believe that there is a basis for disqualification. In this case the appellant was aware of the alleged bias, conflict of interest, and improper comments underlying her motions for disqualification before she filed her petitions for review, 1065 PFR File, Tab 7 at 17; 0503 PFR File, Tab 7 at 17, yet she waited more than a year after the close of the record to file her motions for disqualification. The delay was apparently due in part to the appellant's decision to await the outcome of a complaint that she filed against the administrative judge with the Utah State Bar Office of Professional Conduct, Utah being the jurisdiction in which the administrative judge is licensed to practice law. However, the Office of Professional Conduct determined that there was insufficient evidence to establish that the administrative judge engaged in misconduct or that he should otherwise have recused himself from the appellant's cases. 1065 PFR File, Tab 7 at 12-13; 0503 PFR File, Tab 7 at 12-13. Hence, this evidence provides no support for the appellant's motions and no basis for the Board to consider her untimely filings under 5 C.F.R. § 1201.114(k). Moreover, we note that the appellant waited an additional 7 months to file her motions after the Office of Professional Conduct issued its letter.

**ANALYSIS**

¶6 Based on how these appeals were processed below, it is not clear whether they remain joined for processing. There does not appear to have been an order to undo the joinder action, yet the appeals were dismissed in separate initial decisions. To clarify matters at this stage of the proceedings, we JOIN these appeals. The parties should continue to follow the instructions in the original joinder order and file all of their submissions under the lead docket number until further notice. 1065 IAF, Tab 19 at 1.

¶7 The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). Although the administrative judge originally assigned to these appeals found that the appellant met her jurisdictional burden, there is no procedural rule to prevent that order from being reconsidered and reversed. *See, e.g.*, *Van Lancker v. Department of Justice*, 119 M.S.P.R. 514, ¶ 3 (2013); *Williams v. Defense Logistics Agency*, 34 M.S.P.R. 54, 57-58 (1987). Nevertheless, for the reasons set forth below, we find that the appellant has, in fact established jurisdiction over her appeals.

¶8 Specifically, the initial jurisdictional ruling was that the appellant made a nonfrivolous allegation that she disclosed an abuse of authority when she reported to multiple agency officials that her supervisor had an "unprofessional relationship" with one of his subordinates and was allowing her to misuse travel funds and work less time than she was reporting on her time cards. 1065 IAF, Tab 6 at 24-25, Tab 19 at 1. However, the ruling in the initial decision was that the appellant failed to make a nonfrivolous allegation that she reasonably

believed this disclosure evidenced gross mismanagement or a gross waste of funds. 1065 ID at 8-9; 0503 ID at 8-9. The administrative judge does not appear to have considered whether the appellant's disclosure might have evidenced an abuse of authority, as the first administrative judge found. 1065 ID at 8-9; 1065 IAF, Tab 19 at 1. Based on our review of the record, we agree with the initial ruling. An "abuse of authority" is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons. *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011). We find that the supervisor's actions as the appellant describes them—preferential treatment of a subordinate based not on merit but on a personal relationship—could fall within this definition. 1065 IAF, Tab 6 at 24-25; *see Sirgo v. Department of Justice*, 66 M.S.P.R. 261, 267 (1995). We also find that the appellant made a nonfrivolous allegation that she reasonably believed her disclosure evidenced violations of a law, rule, or regulation concerning time and attendance reporting and use of Government travel funds.

¶9      We further find that the appellant made a nonfrivolous allegation under the knowledge/timing test of 5 U.S.C. § 1221(e), that this disclosure was a contributing factor in a formal reprimand—a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii). *See Rice v. Department of Agriculture*, 97 M.S.P.R. 501, ¶ 15 (2004). Specifically, the appellant alleged that she made this disclosure to her supervisor on August 7, 2012, and that her supervisor issued her a reprimand on October 23, 2013. 1065 IAF, Tab 6 at 23, 25, Tab 7 at 81; *see Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 16 (2011) (finding that personnel actions taken within 1 to 2 years of the protected disclosure satisfy the timing prong of the knowledge/timing test). Finally, we find that the appellant exhausted her administrative remedies on this issue before OSC. 1065 IAF, Tab 1 at 56-57, Tab 7 at 8, 12. We therefore agree with the initial ruling that the appellant has established jurisdiction over her appeals. IAF, Tab 19 at 1.

¶10      The appellant has raised numerous other disclosures in these appeals—as many as 18 others—although there appears to be some overlap among the claims raised in the two appeals.  1065 IAF, Tab 6 at 22-33; 0503 IAF, Tab 7 at 12-30. The administrative judge found that the appellant failed to make a nonfrivolous allegation that any of these other disclosures were protected because they did not concern gross mismanagement or a gross waste of funds.[4]  1065 ID at 7-9; 0503 ID at 8-9.    Again, the administrative judge does not appear to have considered whether any of these other disclosures might have evidenced any other category of danger or wrongdoing under 5 U.S.C. § 2302(b)(8).  On remand, the administrative judge should conduct an individualized analysis, as appropriate, for each of these other disclosures to determine whether any of them might be protected as evidencing a violation of law, rule, or regulation, an abuse of authority, or a substantial and specific danger to public health and safety.  *See Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 16 n.* (2007) (determining that the Board does not require, as a basis for its jurisdiction, that an appellant in an IRA appeal correctly label a category of wrongdoing under the Whistleblower Protection Act (WPA)).  Furthermore, to the extent that any of the appellant's disclosures were to the agency's Inspector General or to OSC, the administrative judge should consider whether they are protected under 5 U.S.C. § 2302(b)(9)(C).

¶11      The administrative judge made some more specific findings regarding two of the appellant's disclosures.  Specifically, he found that the appellant's disclosure concerning the legality of an agency performance appraisal process was not protected under the WPA because she made it in the context of judicial review proceedings of an Equal Employment Opportunity Commission decision.

---

[4] The administrative judge relied, in part, on case law stating that gross mismanagement must include an element of blatancy.  1065 ID at 8; 0503 ID at 8.  This case law has been explicitly overruled.  *White v. Department of the Air Force*, 391 F.3d 1377, 1383 (Fed. Cir. 2004).

0503 IAF, Tab 7 at 23; 0503 ID at 10-11. He also found that the appellant failed to make a nonfrivolous allegation that her disclosure concerning the conduct of an agency attorney was not protected under the WPA because she made it in the context of equal employment opportunity proceedings. 0503 IAF, Tab 7 at 29; 0503 ID at 11. We agree. *See Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1576 (1996); *Fisher v. Department of Defense*, 52 M.S.P.R. 470, 473 (1992). We therefore affirm the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that either of these two disclosures were protected.[5]

## ORDER

¶12     For the reasons discussed above, we remand these cases to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                           /s/ for
_____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.

---

[5] The administrative judge also found that the appellant failed to make a nonfrivolous allegation that either of these two disclosures were a contributing factor in any personnel action. 0503 ID at 11. In light of our finding that these disclosures were not protected, we decline to reach the issue of contributing factor.